PETER SCOLA, PROSECUTOR, v. WILLIAM H. SENIOR, INSPECTOR OF BUILDINGS OF THE TOWN OF MONTCLAIR; AND THE BOARD OF ADJUSTMENT OF MONTCLAIR, RESPONDENTS.

Submitted March 21, 1925—Decided November 10, 1925.

An order by the board of adjustment of a municipality authorizing the owner of a lot, located at the corner of two streets, to erect thereon a building of a specified character, but requiring that the two outside walls thereof shall be, respectively, fifteen and seven feet from the exterior lines of said streets, is invalid so far as the attempted limitation of the user of his premises by the lot owner is concerned.

---

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, sitting alone, pursuant to the statute.

For the prosecutor, *Reed & Reynolds.*

For the defendants, *George S. Harris.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Peter Scola, the prosecutor in this case, applied to Senior, inspector of buildings of Montclair, for a permit to erect upon a lot owned by him and located on the corner of Pine and Walnut streets, in said town, a store and apartment-house. His application was refused upon the sole ground that the zoning ordinance of the town prohibited the erection of such a building in that particular locality. He thereupon appealed to the board of adjustment of the municipality for a review of the action of the inspector, and that body, after a public hearing, made an order directing that the permit be granted, provided the outside walls of the proposed building be at least fifteen feet inside the exterior line of Walnut street and seven feet inside the exterior line of Pine street. The prosecutor thereupon moved for and obtained a *certiorari* to review the action of the municipal authorities in dealing with his application for the permit.

That the sole ground upon which the refusal of the inspector of buildings to grant the prosecutor's application was rested afforded no legal basis for his action has been determined by numerous decisions, both of this court and the Court of Errors and Appeals.

As to the action of the board of adjustment in attempting to curtail the full enjoyment and user of the prosecutor's property by prohibiting him from erecting his building within fifteen feet of the exterior line of Walnut street, or within seven feet of the exterior line of Pine street, it is enough to say that an arbitrary limitation of this kind upon the prosecutor's user of his premises was without legal justification, and therefore invalid. *Passaic* v. *Paterson Bill Posting Co.,* 72 *N. J. L.* 285; *Romar Realty Co.* v. *Haddonfield,* 96 *Id.* 117.

For the reason expressed the order of the board of adjustment, so far as it undertakes to limit the location of his proposed building by the prosecutor, in the manner indicated therein, will be vacated and annulled.